IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 6, 2009 Session

## STATE OF TENNESSEE v. BRADLEY HAWKS

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3916     Clayburn Peeples, Judge**

---

**No. W2008-02657-CCA-R3-CD  - Filed February 19, 2010**

---

The Defendant-Appellant, Bradley Hawks, pled guilty in the Circuit Court of Crockett County to possession of less than .5 grams of methamphetamine with intent to sell or deliver, a Class C felony.  He was sentenced to eight years in the Tennessee Department of Correction and fined $2,000.  Pursuant to Tennessee Rule of Criminal Procedure 37, Hawks attempted to reserve the following certified question of law: "Whether the search and arrest of the defendant was unconstitutional in violation of Article I, Section 7 of the [Tennessee] Constitution and the 4th Amendment of the U.S. Constitution." Because the certified question fails to identify the scope and limits of the legal issue reserved, we conclude that we are without jurisdiction to consider this appeal, and therefore it is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

M. Brandon Barber, Alamo, Tennessee, for the Defendant-Appellant, Bradley Hawks.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Gary G. Brown, District Attorney General; and Stephanie Hale, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**.  Hawks was indicted for possession of methamphetamine over 0.5 grams with intent to sell or deliver, a Class B felony.  He later pled guilty to the reduced charge of possession of less than .5 grams of methamphetamine with intent to sell or deliver,

a Class C felony. The methamphetamine[1] was found on Hawks' property during a police search. Hawks filed a motion to suppress all evidence seized during the search. The motion to suppress challenged the search of Hawks' residence on the following grounds: (1) "Law enforcement officers had no probable cause to conduct a warrantless search of defendant's residence;"(2) "The search was not incident to lawful arrest, with consent given freely and voluntarily, probable cause with exigent circumstances, in hot pursuit, or a stop and frisk situation as prescribed by law;" (3) "The arrest of the defendant was an illegal, invalid arrest due to the fact that it resulted from an illegal, invalid, warrantless search of the defendant's home and outbuildings located on the property, without probable cause to do so;" and (4) "Defendant's constitutional rights against illegal search and seizure and his rights to due process of law, equal protection of the laws and counsel have been violated."

The limited facts presented in this case are not in dispute. Prior to the motion to suppress hearing, the prosecutor stated, "Judge, we're arguing a plain view case and we're prepared to go forward on that." On the date at issue, Captain Eric Uselton of the Crockett County Sheriff's Department, testified that he was called to Hawks' residence by other officers because he was assigned to the West Tennessee Violent Crimes and Drug Task Force. He stated that he had received specialized training in the detection of illegal drug activity and was laboratory certified. Captain Uselton explained that the other officers were at Hawks' residence in response to an earlier domestic violence call from Hawks' residence. When Captain Uselton arrived, he stated that the other officers were positioned away from Hawks' residence. He called for the assistance of other lab certified law enforcement officers as well as the Friendship Fire Department. He testified that the original responding officers had evacuated Hawks' wife and children and sent them to the emergency room for testing before he arrived. Captain Uselton said that he could smell the anhydrous ammonia and starter fluid from the road, approximately a hundred yards "from where the substance emitting the smell was located[.]" Before locating the source of the odor, Captain Uselton cleared the residence in an effort to locate Hawks, but could not locate him.

When searching for Hawks, Captain Uselton explained they used the back door, which was left open, because the front door was locked. Captain Uselton said they found no evidence of illegal narcotics inside the residence.

Captain Uselton determined that the odor was coming from an area near the back door where an Igloo cooler ("the cooler") was located. The cooler was just outside the back door next to a garbage can. He opened the cooler and immediately determined that it was the source of the odor. The cooler contained "white chalky powder" that was soaked in

---

[1]It is not entirely clear from the record whether the methamphetamine, which forms the basis of the indictment, was recovered from the Igloo cooler or the outbuilding located on Hawks' property.

anhydrous ammonia, starter fluid, and camp fuel. The cooler also contained Sudafed, which is an ingredient for methamphetamine. Captain Uselton testified that the contents of the cooler were wrapped in coffee filters. He said the contents tested positive for pseudoephedrine, which is an ingredient of methamphetamine. He described what he found as a "somewhat active in itself . . . one pot method of cooking methamphetamine." However, at the time of the hearing, the Tennessee Bureau of Investigation Crime Lab had not tested the contents for methamphetamine because of its strong odor.

Captain Uselton also testified that he searched outbuildings on Hawks' property. As a result of the search, Captain Uselton found two jars containing a small amount of starter fluid. He explained that starter fluid was a solvent used to cook methamphetamine.

There was no argument presented by either the State or Hawks at the hearing on the motion to suppress. The trial court denied Hawks' motion to suppress, stating:

> I think under the circumstances the officers did only what they could be expected to do. Safety considerations were such that they would have been remiss to have done anything else, so I'm overruling the Motion[.]

Hawks subsequently entered a conditional guilty plea. The judgment form reflects that Hawks reserved a certified question of law. The trial court issued an order which found that "the State and the Court consented to the reservation of this issue; and that all parties and the Court are of the opinion that this issue is dispositive of this case." Hawks filed a timely notice of appeal.

## ANALYSIS

**I. Certified Question**. The guilty plea states that Hawks reserved the following certified question of law: "Whether the search and arrest of the defendant was unconstitutional in violation of Article I, Section 7 of the [Tennessee] Constitution and the 4th Amendment of the U.S. Constitution." Hawks' brief sets forth the issue in slightly narrower terms: "Whether the Warrantless Search of the Premises of Bradley Hawks fell under one of the noted exception[s] to the Warrant Requirement demanded under the U.S. and Tennessee Constitutions?" Upon review, we hold that the certified question does not clearly identify the scope and limits of the legal issue reserved, and therefore we are without jurisdiction to consider this appeal.

Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a plea of guilty or nolo contendere if the defendant reserves the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

(i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). The Tennessee Supreme Court clearly outlined the requirements for reserving a certified question of law in State v. Preston:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and

the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988) (emphasis added). As the Tennessee Supreme Court stressed, "Preston puts the burden of reserving, articulating, and identifying the issue upon the defendant." State v. Pendergrass 937 S.W.2d 834, 838 (Tenn. 1996).

This court has previously required certified questions of law to be narrowly framed. In State v. Nicholas J. Johnson, this court concluded that it did not have jurisdiction of the case because the defendant failed to identify the scope and limits of the legal issue reserved within the expansive area of search and seizure law:

> In the present case, the issue reserved is "the validity of the search and seizure of the" Appellant. This overly broad question violates the mandates announced in Preston. The question is not only patently non-specific but also does not clearly identify the reasons relied upon by the Appellant at the suppression hearing. Additionally, review of the question as presently framed would potentially require a complete dissertation of the law of search and seizure of which this court is not willing to engage in absent specific boundaries circumscribed by the Appellant. The holding of Preston created a bright-line rule regarding the prerequisites for a Rule 37(b)(2)(i) appeal from which this court may not depart. See generally Preston, 759 S.W.2d at 650; but see State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (issue need not be framed in standard "law school" format; statement satisfies Preston if appellate court can ascertain from the record the scope of the issue presented).

No. M2000-03162-CCA-R3-CD, 2001 WL 1356369, at *2 (Tenn. Crim. App., at Nashville, Nov. 6, 2001) (footnote omitted), perm. to appeal denied (Tenn. Apr. 8, 2002). In State v. Kale J. Sandusky, this court concluded that the defendant's certified question was overly broad in light of the narrower issue argued by the defendant in his appellate brief:

> The issue reserved in the trial court's judgment is "whether or not the entries by law enforcement into [the Defendant's] home on October 23, 2006 were in violation of constitutional guarantees against unreasonable searches and seizures under the state and federal constitutions. . . ." The Defendant's brief, however, frames the issue as follows: "Must arrest warrants for the offense of 'failure to appear' be issued by a neutral and detached magistrate upon a sworn affidavit setting forth probable cause?"

> The Defendant's certified question is overly broad and fails to clearly identify the scope and limits of the legal issue reserved. We point out that the certified question does not mention the validity of an arrest warrant.

No. M2008-00589-CCA-R3-CD, 2009 WL 537526, at *3 (Tenn. Crim. App., at Nashville, Mar. 4, 2009), perm. to appeal denied (Tenn. Aug. 24, 2009).

We conclude that the certified question presented by Hawks fails to precisely identify the scope and limits of the legal issue reserved. See Tenn. R. Crim. P. 37(b)(2)(A)(ii). In attempting to reserve the question of whether "the search and arrest of the defendant" violated the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution, Hawks asks this court to conduct a complete overview of search and seizure law as applied to the facts of this case. This court has repeatedly declined to engage in or conduct such an overview. See Nicholas J. Johnson, 2001 WL 1356369, at *2; State v. Randal L. Cheek, No. M2000-00203-CCA-R3-CD, 2000 WL 1838584 at *4 (Tenn. Crim. App., at Nashville, Dec. 14, 2000) (dismissing appeal because certified question, "whether there was a lawful or unlawful search of [defendant's] residence by police officers", was overly broad question in violation of Preston).

Hawks' certified question is overly broad for several reasons. First, Hawks' motion to suppress alleges five separate grounds supporting the suppression of all evidence seized on the date at issue, none of which were argued before the trial court. Next, the certified question asks this court to examine "the search and subsequent arrest of the defendant," when the record shows that Hawks was not searched. The certified question is further flawed because it does not specify what police action rendered the search and arrest unconstitutional. For example, it is unclear whether Hawks is challenging the search of his home, the opening of the Igloo cooler, or the search of the outbuildings as part of the curtilage of his property. Moreover, the certified question does not adequately set forth the legal basis for Hawks' claim. It generally refers to a violation of the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution and fails to specify which exception to the warrant requirement applies. See State v. Tobias Toby Horton, No. W2008-01170-CCA-R3-CD, 2009 WL 2486173, at *6 (Tenn. Crim. App., at Jackson, Aug. 13, 2009) ("In light of the facts of this case and the trial court's ruling at the suppression hearing, the failure to mention the exigency exception to the warrant requirement in the certified question of law is fatal to this appeal."). In particular, the question does not mention probable cause, plain view, or the exigent circumstances exception to the warrant requirement, all of which presumably would be central to Hawks' claim. As framed, the question is patently non-specific because it fails to identify the scope and limits of the legal issue raised and the reasons relied upon by Hawks at the suppression hearing. The broad terms of the certified question are not cured by Hawks' restatement of the issue on appeal, which is set forth in slightly narrowed terms. See id.; Kale J. Sandusky, 2009 WL 537526,

at *3. Because Hawks has failed to properly identify the scope and limits of the legal issue reserved, we are without jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

## CONCLUSION

Upon review, we conclude that Hawks did not properly identify the scope and limits of the issue reserved in his certified question of law, and we are without jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE